**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Joseph Molson,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-23-00035-PHX-DWL<br><br>**ORDER** |

This is a Social Security appeal. On February 14, 2023, the Court referred the matter to Magistrate Judge Morrissey for the preparation of a report and recommendation ("R&R") as to the final disposition. (Doc. 12.) On March 5, 2024, Judge Morrissey issued an R&R concluding that the ALJ's decision should be affirmed. (Doc. 24.) Plaintiff has, in turn, filed objections to the R&R (Doc. 25), to which the Commissioner did not respond.

For the following reasons, the Court adopts the R&R in full.

**DISCUSSION**

I.    <u>Legal Standard</u>

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a dispositive matter. *Id.* As noted, the Court made such a referral here. (Doc. 12.)

"Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections . . . as provided by rules of court. A judge of the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3).

"In providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. . . . [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citations and internal quotation marks omitted). *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006).

II.     Analysis

Plaintiff raises two assignments of error in his opening brief: (1) "the ALJ commit[ted] materially harmful error by cherry-picking the persuasiveness of portions of the assessment from treating mental health provider, Don Paterson, LASAC, without providing sufficient explanation that included a rational interpretation of this record

1  supported by substantial evidence, including failing to explain the consideration of the
2  supportability and consistency factors under the agency's regulations for evaluation of
3  medical source opinions"; and (2) "the ALJ commit[ted] materially harmful error by
4  rejecting [Plaintiff's] symptom testimony in the absence of specific, clear, and convincing
5  reasons supported by substantial evidence in this record as a whole." (Doc. 18 at 1-2.) The
6  R&R concludes that both assignments of error lack merit. (Doc. 24 at 5-14.)

7  　　　The Court has now reviewed the R&R, reviewed Plaintiff's objections, and
8  performed a *de novo* review of the objected-to portions of the R&R. Based on that review,
9  the Court adopts, without further discussion, the R&R's analysis as to why the ALJ
10  provided legally sufficient reasons for discrediting certain portions of Counselor Paterson's
11  opinions and for discrediting Plaintiff's symptom testimony. *Ramos*, 65 F.4th at 433-34.

12  　　　The Court also agrees with the R&R's conclusion that the ALJ did not err when
13  accounting for Counselor Paterson's assessed social interaction limitations in the RFC.
14  (Doc. 24 at 8.) However, because this issue presents a closer call than Plaintiff's other
15  objections, the Court will elaborate on its reasoning.

16  　　　As background, Counselor Paterson opined that Plaintiff would have a "severe"
17  degree of impairment in his ability to relate to other people and a "moderately severe"
18  degree of impairment in his ability to respond appropriately to co-workers. (AR at 587.)
19  The ALJ deemed those two opinions—which fall within the rubric of "opinions about the
20  claimant's ability to interact with others"—persuasive, while at the same time concluding
21  that many of Counselor Paterson's other opinions were unpersuasive. (*Id.* at 25 ["Don
22  Patterson, MP, stated the claimant had moderately severe or severe impairments in most
23  areas including the ability to respond appropriately to coworkers, respond to customary
24  work pressure, and the ability to perform simple tasks. The undersigned finds the opinions
25  about the claimant's ability to interact with others persuasive because they are consistent
26  and supported by the evidence. However, the undersigned finds the other opinions are not
27  persuasive because they are not consistent with and supported by the evidence."].)

28  　　　In the RFC, the ALJ included a limitation regarding Plaintiff's ability to interact

with others—specifically, the ALJ concluded that Plaintiff "is limited to work where there are minimal social demands where interaction with others is superficial and occasional." (*Id.* at 21.) Presumably, the inclusion of this limitation was meant to incorporate the subset of Counselor Paterson's opinions that the ALJ had deemed persuasive. (*Id.* [explaining that the RFC was based on, *inter alia*, consideration of "the medical opinion(s) . . . in accordance with the requirements of 20 CFR 416.920c"].)

Plaintiff argues in his opening brief, and reiterates in his objections to the R&R, that the social-interaction limitation in the RFC was erroneous because it did not capture the full scope of Counselor Paterson's opined-to limitations regarding Plaintiff's ability to interact with others. (Doc. 18 at 15; Doc. 25 at 3-4.) Plaintiff's arguments on this point turn on the fact that the form containing Counselor Paterson's opinions included a section entitled "Definitions of rating terms," which defined "moderately severe" as "Off task 16-20% of an 8-hour work day" and "severe" as "Off task greater than 21% of an 8-hour work day." (AR at 588.) These definitions are significant, according to Plaintiff, because they show that Counselor Paterson effectively opined (and the ALJ effectively accepted) that Plaintiff would be off task more than 15% of each workday in those two functional areas. Plaintiff further notes that the vocational expert opined that although a person with Plaintiff's RFC would be able to perform various jobs that exist in significant numbers in the national economy, if the hypothetical were changed such that the individual "would be off task approximately 15 percent of the workday," that change "would eliminate all work in the national economy. It would not allow someone to work at a productive rate." (*Id.* at 56.) In Plaintiff's view, the upshot of all of this is that "if the ALJ had included counselor Paterson's assessed social interaction limitations in the [RFC] determination, the ALJ would have deemed [Plaintiff] disabled consistent with the agency's vocational expert's testimony that counselor Paterson's assessed social interaction limitations were work-preclusive." (Doc. 25 at 4.) The R&R rejects that argument, concluding that "the ALJ specifically accounted for counselor Paterson's assessed social interaction limitation in her RFC assessment, wherein she stated, "[t]he claimant is limited to work where there are

minimal social demands where interaction with others is superficial and occasional.'" (Doc. 24 at 8.)

The Court agrees with the R&R's analysis on this point. Counselor Paterson's opinions can be rationally construed as identifying the percentage of time that Plaintiff would be off-task when performing two specific tasks—relating to other people (more than 21% of the time) and responding appropriately to co-workers (between 16-20% of the time). The ALJ attempted to account for those limitations by formulating an RFC in which Plaintiff would have almost no responsibility for relating to other people or responding appropriately to co-workers—per the RFC, such interactions would be "minimal," "superficial," and "occasional." It was permissible for the ALJ to attempt to account for Counselor Paterson's opined-to social interaction limitations in this manner. *See, e.g., Lambert v. Kijakazi*, 2022 WL 1537359, *1 (9th Cir. 2022) ("Contrary to Lambert's contention, the ALJ did not improperly omit from her residual functional capacity (RFC) a limitation on her social interaction that was identified by agency psychologists. . . . In limiting Lambert to 'superficial interaction with coworkers and the public,' the RFC reasonably translated a limitation that the agency psychologists described as permitting 'occasional and brief contact w[ith] the public or co-workers.'"); *Estep v. Colvin*, 2016 WL 6988685, *9 (E.D. Cal. 2016) ("[A]n ALJ may synthesize and translate assessed limitations into an RFC assessment . . . without repeating each functional limitation verbatim in the RFC assessment or hypothetical."). *See generally Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). And even assuming Plaintiff would be off task more than 15% of the time when performing tasks that constitute only an "occasional" and "minimal" part of his workday, it doesn't follow (as Plaintiff seems to contend) that Plaintiff would be off task more than 15% of the *entire* workday, which was the vocational expert's threshold for a lack of employability.

…

…

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's objections to the R&R (25) are **overruled**.

(2) The R&R (Doc. 24) is **adopted**.

(3) The decision of the ALJ is **affirmed**.

(4) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 9th day of April, 2024.

Dominic W. Lanza
United States District Judge